PIEROTTI <i>v.</i> CONNALLY <i>et al.</i>

BECK, P. J. This is a suit in equity, brought by the plaintiff against the five named defendants as heirs and distributees of the estate of a named decedent, and involves an accounting of the affairs of the alleged partnership composed of the plaintiff and the decedent whose estate it is claimed is liable to him for an amount stated. It is alleged that an administrator of the estate of the decedent, who died in the month of August, 1920, was duly appointed, continued for nearly two years in that office, and was discharged as such administrator in November, 1922; that as administrator he paid over to each of the distributees of the estate approximately the sum of $5,000; that on or about June 1, 1921, the administrator evicted the plaintiff from the barber-shop which the plaintiff and the decedent had been operating as partners, and refused to allow the plaintiff to continue the operation of the same, and took possession of "all the assets, funds, equipment, and property connected with said barber-shop and belonging to said partnership;" that at the time of the formation of the partnership the deceased partner furnished about $4,000 for the purpose of equipping the business, which was to be under the management of the plaintiff, who was to receive a stipulated salary, a portion of which was to remain in the business until the net profits were sufficient to reimburse the decedent for one half of the amount expended by him, and after this the parties to the contract of partnership would own equally and jointly the business and its assets. The prayers of the petition are, in substance, that the court adjudicate the amount and value of the assets of said partnership, the income and profits of said partnership received by the administrator, the amount in which the estate of the deceased was indebted to the plaintiff at the time of his death, the amount the estate became indebted to the plaintiff after the death of the deceased; and that plaintiff have judgment against each of the

defendants for one fifth of this amount. A demurrer to this petition was filed by the defendants, which was sustained by the court, and a judgment was rendered dismissing the case; to which judgment the plaintiff excepted. *Held:*

1. The court did not err in sustaining the demurrer. To establish a claim of debt against the estate of the deceased partner, an accounting was obviously necessary; and a suit for accounting and for judgment for the balance alleged to be due the plaintiff after the accounting could not be maintained without making the representative of the estate of the deceased partner a party to the suit. The estate of the deceased partner is involved in this case; and generally where such is the case the representative of the estate of the deceased partner should be made a party to the suit. More especially is this true in a case like the present, where an accounting is involved.

2. If, as alleged in the petition, there was a wrongful eviction of the plaintiff by the administrator, he would have his action for such eviction.

*Judgment affirmed. All the Justices concur, except Hill, J., disqualified.*

No. 5196. MAY 13, 1926.

Equitable petition. Before Judge Humphries. Fulton superior court. November 20, 1925.

*Mark Bolding, J. H. Ables,* and *Dorsey, Howell & Heyman,* for plaintiff. *Slaton & Hopkins,* for defendants.